## JAMES EDGAR WHITCOMB v. VERNON A. WRIGHT AND OTHERS.[1]

January 25, 1929.

No. 27,044.

*Eriksson & Zumwinkle* and *Harold Ranstad,* for appellant.

*N. F. Field, Cyrus A. Field* and *Junell, Dorsey, Oakley & Driscoll,* for respondents.

PER CURIAM.

In this action, companion to No. 27,043, Whitcomb v. Wright, 176 Minn. 274, 223 N. W. 294, decided by an opinion filed herewith, plaintiff sues as a beneficiary of the express trust referred to in that opinion. The defendants are alleged to be the beneficiaries of a conversion of much of the trust property. Here again plaintiff is not suing to have the purposes of the trust declared accomplished and the trust terminated accordingly. He is suing to have restored to the trust property, or the proceeds of property, which he claims to have been wrongfully diverted by the trustees. Plainly if there can be any such recovery, it must be for the benefit of the trust estate as such and not for the benefit of plaintiff personally. It was upon that ground, the failure to join the present trustees, that a

[1]Reported in 223 N. W. 296.

demurrer was sustained. From the order sustaining that demurrer the appeal was taken by plaintiff. For the reason stated, the order must be affirmed. If what plaintiff desires is their removal for misconduct and the appointment of their successors, he can easily make the present trustees defendants as such, and not leave to inference and an item of the relief prayed for, one of the major purposes of the action.

Order affirmed.